UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LACOUR,<br><br>                Plaintiff,<br><br>      v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br><br>                Defendant. | Case No. CV 22-7645-DMG (AFM)<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [20]** |

On April 5, 2023, the Honorable Alexander F. MacKinnon, United States Magistrate Judge, issued a Report and Recommendation ("R&R") dismissing the First Amended Complaint filed by Plaintiff Edward LaCour without prejudice for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the R&R and **REJECTS** it in part, **ACCEPTS** it in part, and **REFERS** the matter back to Judge MacKinnon for further proceedings consistent with this Order.

## I. BACKGROUND[1]

On October 14, 2022, Plaintiff, who is incarcerated and proceeds *pro se*, filed the civil rights complaint initiating this action. [Doc. # 1.] He also requested to proceed *in*

---
[1] The relevant procedural facts are set forth in the R&R and are discussed only as necessary to the analysis herein.

*forma pauperis*. [Doc. # 4.] This Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, dismissing it with leave to amend for failure to state a claim upon which relief could be granted. [Doc. # 7.]

Plaintiff duly filed a first amended complaint ("FAC"), bringing claims against only the Los Angeles County Sheriff's Department. [Doc. # 9.] Plaintiff makes the following allegations, which allegations and all reasonable inferences therefrom are taken as true at this stage. *See Olivas v. Nevada*, 856 F.3d 1281, 1284 n.2 (9th Cir. 2017).

Plaintiff alleges that an unlawful detainer action was brought against him in state court, he was served with process on March 17, 2022, and he filed an answer on March 24, 2022. FAC at 5.[2] A non-jury trial was set for May 31, 2022 at the Stanley Mosk Courthouse. *Id.* Plaintiff secured a court order for the Sheriff's Department to transport him to the Courthouse on that date. *Id.*

On May 31, however, deputies notified him that he would not be transported because the transport order was "invalid"—it did not require the Sheriff's Department to maintain custody of Plaintiff. *Id.* Plaintiff's public defender also inquired and was told the same. *Id.* The proceedings were continued to July 1, 2022. *Id.*

Plaintiff obtained another transport order—this time, specifically requiring the Sheriff's Department to "stay and wait with Mr. LaCour while his case is heard." *Id.* at 13. Again, however, the Sheriff's Department refused to transport Plaintiff. Plaintiff specifically alleges that custody deputies told him "that the Sheriff's D[epartment] 'doesn't transport to and wait with inmates at Stanley Mosk.'" *Id.* at 5.

This resulted in a default judgment being entered against Plaintiff in the unlawful detainer proceedings. *Id.* at 6. Plaintiff seeks remedies including compensatory and punitive damages and injunctive relief ordering the plaintiff in the unlawful detainer proceedings not to evict him or remove his property. *Id.* at 7.

---

[2] Citations to the record are to the CM/ECF pagination.

The Court screened the FAC and because it survived the screening, granted the IFP request. [Doc. # 10.] On April 5, 2023, however, the Magistrate Judge issued an R&R screening the complaint and dismissing it without prejudice. [Doc. # 20 at 3.]

## II. DISCUSSION

As discussed in the R&R, to bring claims against a municipality or entity thereof (such as the Sheriff's Department, the only Defendant in this action), Plaintiff must meet the standard articulated in *Monell v. Department of Social Services of the City of New York*. "[I]t is when execution of a government's *policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. 658, 694 (1978) (emphasis added). The policy must be "the 'actionable cause' of the constitutional violation[.]" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) (internal citation omitted).

Plaintiff alleges an express policy (not to transport prisoners to Stanley Mosk Courthouse and wait with them during legal proceedings) and officers' invocation of this policy as the reason not to transport him to the second hearing. The R&R relies on two cases as authority that "a *Monell* claim may not be premised on an isolated or sporadic incident"—*i.e.* a one-time refusal to transport.[3] R&R at 7. But these cases do not support dismissal here.

The first cited case, *Gant v. County of Los Angeles*, concerned an arrest warrant policy that was allegedly flawed through the omission of any guidelines for how closely the arrestee had to match the warrant description. 772 F.3d 608, 613 (9th Cir. 2014). The Ninth Circuit held that the District Court correctly granted summary judgment dismissal because there was no evidence that such a policy was deliberately indifferent, in light of a lack of evidence of more than one mistaken arrest. *Id.* *Gant*'s holding about sufficient

---

[3] The Court accepts the R&R to the extent that it concludes that Plaintiff alleges a different reason for the first failure to transport him, namely the lack of authority to retain custody over Plaintiff, which led to a continuance of the proceedings.

evidence of deliberate indifference on summary judgment provides little guidance about the evidence of existence of a policy that must be alleged to survive Section 1915 or 1915A screening.

Moreover, *Gant* itself cited to the Supreme Court's holding that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, *unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to a municipal policymaker*." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (emphasis added). Examination of *Tuttle* compels the Court to find that Plaintiff has plausibly alleged a municipal policy here.

In *Tuttle*, following a police shooting, a jury was instructed in such a manner that they could have found the municipality liable on the basis of a policy of failure to train or supervise arising from that single shooting alone. 471 U.S. at 813. The Court contrasted this allegation of municipal policy with the express "policy of compelling pregnant employees to take unpaid sick leave before such leave was necessary for medical reasons" in *Monell*. *Id.* at 817. In *Monell*, because there was an express policy, "[o]bviously, it requires *only one application of a policy* such as this to satisfy" the standard for municipal liability. *Id.* at 822 (emphasis added). Where a "policy" is far more nebulous—such as the failure to train or supervise officers on the correct use of force alleged in *Tuttle*—proof of a single incident of unconstitutional activity is inadequate to satisfy *Monell*. *Id.* at 824.

Plaintiff's allegations are akin to the express policy in *Monell*. Plaintiff specifically alleges that deputies told him "the Sheriff's D[epartment] 'doesn't transport to and wait with inmates at Stanley Mosk.'" FAC at 5. It is difficult to imagine a clearer statement of an express policy short of a municipal enactment. It is a reasonable inference from this statement that a policy was put in place by the "Department," not the individual custodial officer, and that this policy was the reason Plaintiff was not transported to his second hearing.

The second case relied on in the R&R is not to the contrary. *Trevino v. Gates* discusses the number of incidents required to show a custom. 99 F.3d 911, 918 (9th Cir. 1996). Plaintiff here alleges an express policy, not a custom.

The Court accordingly rejects the R&R's conclusions that Plaintiff has made solely "unsupported and speculative allegations" of an established policy under this authority. The Court also disagrees that Plaintiff's claims sound in negligence. *See* R&R at 8–9. Plaintiff, an incarcerated person without legal training, clearly alleges intentional actions, notwithstanding his use of the legal term "negligence" at points in his complaint. *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (Internal quotation marks and citation omitted)).

The Court adopts the R&R to the extent that it dismisses claims of injunctive relief against private individuals who are not parties to this action.

### III. CONCLUSION

The R&R is **ADOPTED IN PART and REJECTED IN PART.** The Court **REFERS** the matter back to the Magistrate Judge for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

DATED: May 16, 2023

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE